IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRANDY VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 4:18-CV-641-ALM-KPJ |
| | § | |
| v. | § | |
| | § | |
| MESA UNDERWRITERS SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are MUSIC's Motion to Strike Testimony of Brandy's Expert Roy Young (the "Motion to Strike Young") (Dkt. 30), to which Plaintiff filed a response (Dkt. 31), and Defendant filed a reply (Dkt. 32); and Plaintiff's Motion to Strike Expert Testimony of Glenn Malicki (the "Motion to Strike Malicki") (Dkt. 33), to which Defendant filed a response (Dkt. 34).

As set forth below, the Court finds the Motion to Strike Young (Dkt. 30) and the Motion to Strike Malicki (Dkt. 33) are **DENIED**.

### I. BACKGROUND

This action arises from alleged water damage resulting from a broken pipe at a property located a 4625 Post Oak Drive, Frisco, Texas 75034 (the "Property"). *See* Dkt. 12 at 3. Brandy Ventures, LLC ("Plaintiff") purchased a commercial insurance policy from Mesa Underwriters Specialty Insurance Company ("Defendant") for forty-eight (48) properties Plaintiff owns and rents to tenants in Collin County, including the Property. *See* Dkt. 12 at 2. Plaintiff alleges Defendant unfairly or deceptively denied coverage of property insurance benefits following water damage to the Property. *See id.*

Plaintiff designated Roy Young ("Young") of YPA Public Adjusters, LLC, to testify regarding water damage to the Property. *See* Dkt. 30 at 1–2; Dkt. 30-1 at 3, 111. Defendant moves to strike the testimony of Young. *See* Dkt. 30.

Defendant designated Glenn Malicki ("Malicki") to testify regarding the pipes that burst at the Property, as well as Malicki's inspection and repair of the pipes. *See* Dkt. 33 at 1–2; Dkt. 33-1 at 4. Plaintiff moves to strike the testimony of Malicki. *See* Dkt. 33.

## II. <u>LEGAL STANDARD</u>

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. While the district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's notes (2000) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, (1999)).

Expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). To be reliable and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical, or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles and methods; and (4) have reliably applied the principles and methods to the facts. FED. R. EVID. 702. In evaluating the scientific validity or reliability of expert testimony, the Court in *Daubert* noted some non-exclusive factors for the district court to consider: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and

maintenance of standards and controls in the methodology; and (5) whether the theory or method has been generally accepted by the scientific community. *Daubert*, 509 U.S. at 593-94. "But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and the *Daubert* factors neither necessarily nor exclusively apply to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 151.

In determining the admissibility of expert testimony, the trial court is not to consider the conclusions generated by an expert witness, but only the principles and methodology used to reach those conclusions. *See Daubert*, 509 U.S. at 595. "When the principles and methodology are sufficient to allow the expert opinion to be presented to the jury, the party challenging the testimony must resort to 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof' as the means to attack 'shaky but admissible evidence.'" *Burton v. Wyeth-Ayerst Labs. Div. of American Home Prods. Corp.*, 513 F. Supp. 2d 708, 710 (N.D. Tex. 2007) (citing *Daubert,* 509 U.S. at 596).

### III.  ANALYSIS

A. Motion to Strike Young (Dkt. 30)

Defendant argues the testimony of Young should be struck because Plaintiff has already paid to repair the water damage at the Property, and therefore, Young's estimates as to damages and cost have no bearing on the facts of the case. *See* Dkt. 30 at 5. Defendant further contends the damages estimated by Young do not match the actual cost of repair, and therefore, the testimony is not relevant, reliable, or admissible under Federal Rule of Evidence 702. *See id.* at 7. Defendant does not cite to a single similar case in which testimony was struck on this basis.

Plaintiff responds that Defendant's objections to Young are best explored on cross-examination. *See* Dkt. 31 at 2 (citing *Daubert*, 509 U.S. at 596). Plaintiff further argues the testimony is relevant to an issue in the case (the cause and extent of the damages), is based on personal inspection of the Property, and employs Xactimate, an estimation program widely accepted in the insurance industry. *See* Dkt. 31 at 4.

The Court finds the testimony is permissible under Rule 702. As previously mentioned, Defendant presents no case law in support of its argument. The opinion is patently relevant, based on first-hand knowledge, and employs acceptable methodology. Further, that Plaintiff was able to complete repairs for a different value does not conclusively speak to the damages incurred. Plaintiff may have negotiated a reduced rate for repairs or may have paid a higher cost based on many practical factors of business decisions and time constraints. To the extent the actual cost is different than what Young testifies is the market value, the objection is best addressed on cross-examination. That is, the objections Defendant raise go to the weight Young's testimony should be afforded rather than its admissibility. The Court finds Defendant's Motion to Strike Young (Dkt. 30) is, therefore, denied.

B. Motion to Strike Malicki (Dkt. 33)

Plaintiff argues that Malicki's opinion is not based on sufficient facts or data and is not the product of reliable principles and methods, and that Malicki did not apply the principles and methods to the facts of the case. *See* Dkt. 33 at 3. Plaintiff provides only two paragraphs in support of its argument, and no case law in support thereof. *See* Dkt. 33 at 3. Plaintiff merely argues Malicki does not adequately support his conclusion that a freeze break caused the water damage at issue. *See id.*

Defendant responds that Malicki is a licensed mater plumber with over twenty-seven (27) years of experience in commercial and residential plumbing. *See* Dkt. 34 at 2. Defendant notes that Malicki inspected and even repaired the broken pipe, and therefore, his testimony is both reliable and is based on sufficient data. *See id.* at 6.[1]

Similar to Plaintiff's argument in response to Defendant's Motion to Strike Young, the Court finds Plaintiff's objections to Malicki are best explored on cross-examination. *See* Dkt. 31 at 2 (citing *Daubert*, 509 U.S. at 596). Plaintiff does not demonstrate in any way that Malicki is unqualified to testify and does not explain how Malicki's experience and observation of the broken pipe is insufficient evidence such that he would be unable to draw a conclusion regarding the cause of the pipe break. The Court finds that Malicki's testimony is acceptable pursuant to Rule 702, and therefore, Plaintiff's Motion to Strike Malicki (Dkt. 33) is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Young and Malicki's testimony survive Plaintiff's and Defendant's challenges.

**IT IS THEREFORE ORDERED** that MUSIC's Motion to Strike Testimony of Brandy's Expert Roy Young (Dkt. 30) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Expert Testimony of Glenn Malicki (Dkt. 33) is hereby **DENIED**.

**So ORDERED and SIGNED this 3rd day of December, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant also notes that the principals for Plaintiff rely on Malicki and his company G 'n' R Plumbing and Air, LLC ("G 'n' R") for their plumbing opinions and needs at their commercial properties, and in fact it was Plaintiff's principals that contacted G 'n' R to inspect and repair the broken pipe. *See* Dkt. 34 at 2.